IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KELLY WHITE, | ) |
|              Plaintiff, | ) ) ) |
| -vs- | ) Case No. |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, an Operating Subsidiary of Cigna Corporation and DOUGLAS COUNTY, NEBRASKA, | ) ) ) ) ) ) |
|              Defendants. | ) |

**NOTICE OF REMOVAL**

COMES NOW Defendant Life Insurance Company of North America ("LINA"), by and through its undersigned counsel, Matthew D. Quandt of Erickson | Sederstrom PC, and pursuant to 28 U.S.C. §1441 and §1446 hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §1332 and states the following grounds for removal:

**JURISDICTIONAL REQUIREMENTS**

1. Plaintiff filed her original Complaint in their first filed state court action, Case No. C1 21 0009312, in the District Court of Douglas County, Nebraska against two Defendants: (1) Life Insurance Company of North America and (2) Douglas County, Nebraska.

2. This case is really two unrelated lawsuits combined into one. On the one hand, plaintiff Ms. White asserts claims against LINA for an alleged breach of contract and bad faith stemming from the denial of her long term disability ("LTD") benefits. As to Douglas County, Nebraska, however, Ms. White's entire claim is "Douglas County is named in this action for the purpose of granting the Plaintiff the necessary claim for service credit towards Plaintiffs pension

eligibility and no monetary damages are claimed from Douglas County by Plaintiff at this time, as Plaintiff is only seeking declaratory relief with respect to Douglas County." See Plaintiff's State Court Complaint, attached as Exhibit A at ¶15.

3. On September 24, 2021, LINA was served with a copy of Plaintiff's Complaint.

4. 28 U.S.C. §1446(b) provides that a notice of removal may be filed within 30 days after receipt by the Defendant of the initial pleading. As such, LINA's Notice of Removal is timely filed under 28 U.S.C. §1446(b).

5. Pursuant to 28 U.S.C. §1446(a), the state court action, which was commenced in the District Court of Douglas County, Nebraska, may be removed to this Federal District Court, being the United States District Court of Nebraska, which embraces Douglas County, Nebraska within its jurisdiction.

6. Pursuant to 28 U.S.C. §1332(a)(1), a district court has original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. This Notice of Removal is being filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based upon diversity jurisdiction.

8. At all times relevant to the Plaintiff's Complaint, LINA was incorporated in the state of Pennsylvania, and has its principal place of business in Pennsylvania; therefore, it is a citizen of the state of Pennsylvania. *Wachovia Bank v. Schmidt*, 126 S. Ct. 941, 946 (U.S. 2006) (Corporation is deemed "citizen" for § 1332 purposes only where its state of incorporation and state where its principal place of business are located.)

9. At no time relevant to Plaintiff's Complaint has LINA had a principal place of business in Nebraska, nor was it incorporated in Nebraska.

10. Plaintiff is a Nebraska citizen who resides in Bellevue, Sarpy County, Nebraska. See Exhibit A at ¶1.

11. In her Complaint, Plaintiff seeks an unspecified amount of damages including back and future LTD benefits, attorney fees, and penalties which will exceed $75,000.00 if the case is decided in Plaintiff's favor. While Defendant denies it is liable to Plaintiff or that it has breached the subject LTD insurance policy, the amount in controversy exceeds $75,000.00.

12. Although Plaintiff's Complaint does not state the specific amount of damages being sought, "[t]he district court has subject matter jurisdiction in a diversity case when a fact-finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.00." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

13. When the jurisdictional amount is not clear from the face of the Complaint or is otherwise in dispute, the party seeking to establish jurisdiction must prove the requisite amount by a preponderance of the evidence. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). "Under the preponderance standard, the jurisdictional fact is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Id.* at 959 (internal quotation omitted). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell*, 557 F.3d. at 956. See also *Kopp*, 280 F.3d at 884–85.

14. In her Complaint, Plaintiff claims that she is entitled to back LTD benefits, together with future reinstated LTD benefits, attorney's fees and penalties for LINA's alleged bad faith in refusing to pay her claim. All of these damages are to be considered when determining whether the amount in controversy exceeds $75,000.00. *Catalogue Direct Sales v. United States Fire Insurance Company*, 163 F.Supp. 308 (E.D.Mo. 1958).

15. Under Eighth Circuit and federal case law, future benefits may be used to determine whether the amount in controversy exceeds the jurisdictional limit: "Where the heart of a cause of action is a claim for future benefits, the amount in controversy is the present value of the claimed future benefit." *Engle v. Life Ins. Co. of N. Am.*, No. 4:10-CV-963 CAS, 2010 WL 2720697, at *2 (E.D. Mo. July 8, 2010) (citing *Burns v. Massachusetts Mut. Life Ins. Co.*, 820 F.2d 246, 249 (8th Cir.1987)).

16. Assuming liability, which LINA denies, Plaintiff's past long term disability benefits from May 28, 2021 through September 27, 2021 total $14,950.00, based on a monthly benefit of $ $2,990.00.

17. Plaintiff's Breach of Contract claim requests damages of Plaintiff's disability benefit. While LINA will argue that Plaintiff's benefit is subject to a two-year mental impairment exclusion in the LTD Policy, if the Court were to determine this exclusion did not apply, given a monthly benefit of $2,990.00, Plaintiff's purported Breach of Contract damages for future LTD benefits for the life of the policy (from September 28, 2021 through December 28, 2030), have a net present value of $295,700.00 . Well in excess of the $75,000 limit.

18. Plaintiff also claims an entitlement to an unspecified amount of attorneys' fees. Based on similar cases, LINA anticipates written discovery; depositions of the parties, experts, and medical providers; dispositive motions; and a weeklong trial, all which will exceed 200

hours of attorney time. Thus, back benefits and attorneys' fees alone exceed the $75,000.000 jurisdictional minimum. When future benefits are considered, the amount in controversy well exceeds $75,000.00.

19. As such, there is diversity of citizenship, the amount in controversy exceeds $75,000.00, and the case can be removed pursuant to 28 U.S.C. §1332.

## THE EXCEPTION TO THE REQUIREMENT OF CONSENT

20. The consent to removal of Douglas County, Nebraska is not necessary in this action as Douglas County, Nebraska has been fraudulently joined in this matter.

21. Under federal law, there are at least four exceptions to the unanimity requirement for removing defendants. Removing defendants need not obtain consent from various categories of co-defendants, including "a defendant who has been fraudulently joined." *White v. Bombardier Corp.*, 313 F. Supp. 2d 1295 (N.D. Fla. 2004). *See also McKinney v. Rodney C. Hunt Co.*, 464 F. Supp. 59 (W.D.N.C. 1978); *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875 (1st Cir. 1983); *Woods v. Firestone Tire & Rubber*, 560 F. Supp. 588 (S.D. Fla. 1983); and *Coughlin v. Nationwide Mut. Ins. Co.*, 776 F. Supp. 626 (D. Mass. 1991).

22. "Under the rule of unanimity, ordinarily all Defendants must join in a Notice of Removal or the case will be remanded." *Dumas v. Patel*, 317 F.Supp.2d 1111, 1112 (W.D. Mo 2004) citing *Augustine v. Target Corp.*, 259 F.Supp.2d 919, 921 (E.D. Mo 2003). "However, nominal Defendants, those 'against whom no real relief is sought,' need not join in the Petition." *Id.* The Court went on to define what constitutes a nominal party. Specifically, "a party who, having some interest in the subject matter of a lawsuit, will not be affected by any judgment but is nonetheless joined in the lawsuit to avoid procedural defects." *Id.*

23. "It is well established that if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse Defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Id.* citing *Filla v. Norfolk Southern Railway Co., et al.*, 336 F.3d 806, 810 (8th Cir. 2003).

**PLAINTIFF HAS FRAUDULENTLY JOINED DOUGLAS COUNTY, NEBRASKA**

24. In this case, it is clear that Douglas County, Nebraska was fraudulently joined or egregiously misjoined (the equivalent of "fraudulently joined" under federal law).[1]

25. Plaintiff has fraudulently joined Douglas County, Nebraska to defeat and undermine this Court's removal jurisdiction and deprive LINA of its right to remove. Douglas County, Nebraska's joinder, if proper, would prevent LINA from removing because Plaintiff and Douglas County, Nebraska are both citizens of the same state.

26. "Joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006) (quoting *Wiles v. Capitol lndem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)). "The 'common thread' underlying the question of whether a defendant has been fraudulently joined to defeat diversity 'is reason. Thus, a proper review should give paramount consideration to the reasonableness of the basis underlying the state claim.'" *Id.* (quoting *Filla v. Norfolk S. Ry.*, 336 F.3d 806, 810 (8th Cir. 2003)). When there is no reasonable basis for the claim against the resident defendant, the joinder is fraudulent. *See Id.* at 1005.

---

[1] In *Tapscott v. MS. Dealer Service Corp*, 77 F.3d 1353 (11th Cir. 1996) the Eleventh Circuit U.S. Court of Appeals analyzed the joinder of two different classes of defendants, and concluded that the misjoinder was so egregious that it constituted fraudulent jointer (in evaluating the availability of diversity jurisdiction). *See also Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F. Supp 1213 (S.D. Ala. 1998).

27. Joinder is also fraudulent when there is "'no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *Masepohl v. Am. Tobacco Co.*, 974 F. Supp. 1245, 1250 (D. Minn. 1997) (quoting *Banbury v. Omnitron Int', Inc.*, 818 F. Supp. 276, 280 (D. Minn. 1993)).

28. Fraudulent joinder of a defendant cannot destroy diversity or trigger the bar on removal by a forum defendant under 28 U.S.C. § 1441(b). *See Jones v. Chas. S. Lewis & Co.*, No. 4:08cv0259, 2008 WL 2775705, at *3 n.2 (E.D. Mo. July 14, 2008) (holding that fraudulent joinder doctrine applies to both joinder of non-diverse defendant and joinder of forum defendant); *Maldonado v. Hartmann*, No. 4:07CV853 CDP, 2007 WL 1862763, at *2 (E.D. Mo. June 28, 2007) (finding "no reason why the same analysis should not apply" to fraudulent joinder of forum defendant in light of the fact that "the removal statute specifically refers to local defendants 'properly joined and served'"); *Id*. at *3 (denying motion to remand after finding that forum defendant was fraudulently joined).

30. A Defendant has been joined fraudulently when there is no "reasonable basis for predicting that [Nebraska] law might impose liability based upon the facts involved." *Filla*, 336 F.3d at 811; *see Masepohl*, 974 F. Supp. at 1254 (finding fraudulent joinder in part because in light of § 544.41 plaintiff "failed to establish the possibility of a colorable strict products liability claim" against distributor despite assertion that distributor "had knowledge of the alleged defects").

31. Applying these established principles in this case leads inexorably to the conclusion that Douglas County, Nebraska has been fraudulently joined to defeat removal.

` 32. While Plaintiff does not explicitly name the counts in her Complaint, it can be inferred by her claims that she is alleging breach of contract and bad faith against LINA.

33. Plaintiff explicitly states Douglas County is named in this action for mere declaratory relief. By her own admission, she is not seeking any monetary damages against Douglas County and is not seeking any liability from Douglas County. Plaintiff is only seeking declaratory relief against Douglas County and can do so in a properly plead filing for declaratory relief.

34. Douglas County is an improperly named party to this action and Plaintiff provides no statutory basis to bring an action against Douglas County in this matter.

35. Since there is no reasonable basis for Plaintiff to pursue her declaratory relief claim in the same action as her contractual based claims against LINA and because it should be clear that Plaintiff has not stated a claim against Douglas County, and in any event, has no intention of prosecuting a claim against Douglas County or seeking liability on the behalf of Douglas County, the joinder should be viewed as fraudulent or an egregious misjoinder.

36. Based on the foregoing authority and the allegations contained in the Complaint, complete diversity of citizenship exists and the amount in controversy exceeds $75,000. As such, the state court lawsuit is removable to this Court pursuant to 28 U.S.C. § 1332.

36. Attached to this Notice of Removal as Exhibit B is a copy of all process, pleadings and orders served upon LINA in the state court action.

37. Concurrent with the filing of this Notice of Removal, LINA is filing its Notice of Filing Notice of Removal with the Circuit Court of Douglas County, Nebraska.

LIFE INSURANCE COMPANY OF NORTH AMERICA, an Operating Subsidiary of Cigna Corporation, Defendant,

By: */s/ Matthew D. Quandt*
Matthew D. Quandt, #26731
ERICKSON | SEDERSTROM, P.C.
Regency Westpointe, Suite 100
10330 Regency Parkway Drive
Omaha, NE 68114
(402) 397-2200
quandt@eslaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing *Notice of Removal* was served on this 25th day of October, 2021, upon the following:

John Corrigan
Dowd & Corrigan LLC
6700 Mercy Rd., Suite 501
Omaha, NE 68106
jcorrigan@dowd-law.com
Attorney for Plaintiff

Sandra Connolly
Meghan Bothe
Deputy County Attorneys
909 Civic Center
Omaha, NE 68183
sandra.connolly@douglascounty-ne.gov
meghan.bothe@douglascounty-ne.gov
Attorneys for Defendant Douglas County

by: [    ] U.S. Mail, postage prepaid
    [ X ] E-mail
    [    ] Electronic filing using the CM/ECF system
    [    ] Facsimile Transmission
    [    ] Hand Delivery
    [    ] Overnight Courier

*/s/ Matthew D. Quandt*